**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CADLEROCK JOINT VENTURE L.P.,

    Appellant,

v.                                                                                        Case No: 8:14-cv-3212-JSM

CHRISTINE HERENDEEN, et al.,

    Appellee.

_____

**ORDER**

    THIS CAUSE comes before the Court on appeal of the Bankruptcy Court's denial of Cadlerock Joint Venture L.P.'s ("Creditor") motion to reopen the bankruptcy case, and two related appeals. Trustee Christine Herendeen ("Trustee") filed an adversary action against Creditor for allegedly engaging in improper debt collection practices. After Creditor challenged the suit as frivolous, Trustee voluntarily dismissed the case. Several months later, Creditor moved to reopen the case and simultaneously sought leave of the Bankruptcy Court to file suit against Trustee and her attorneys. The Bankruptcy Court denied the motion after concluding that Creditor's proposed causes of actions were barred. Upon review, the Court concludes that the Bankruptcy Court did not abuse its discretion and should therefore be affirmed.

    The Court also concludes that it lacks jurisdiction over the two consolidated appeals related to the Bankruptcy Court's Orders striking Creditor's Motion to Confirm and

Creditor's Objection because these orders are not "final" under 28 U.S.C. § 158 for the reasons set forth in Appellees' brief (Dkt. 11). As such, this opinion focuses on Creditor's appeal of the Bankruptcy Court's denial of its Motion to Reopen; the Court has jurisdiction over this appeal under section 158.

## BACKGROUND

This case originates in a Chapter 7 bankruptcy petition filed by Debtor Oiledkin Gonzalez. Trustee was appointed to the case. The Bankruptcy Court approved Lash & Wilcox PL, and Thomas A. Lash, Esquire, (collectively, "Counsel") as special counsel to Trustee for the purpose of filing a complaint against Creditor for violations of the Telephone Consumer Protection Act ("TCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). Trustee, through Counsel, filed suit.

After Creditor challenged the complaint as frivolous under Federal Rule of Bankruptcy Procedure 9011, Trustee voluntarily dismissed the lawsuit against Creditor. The Bankruptcy Court closed the bankruptcy case. Several months later, Creditor filed a motion to reopen the bankruptcy case ("Motion to Reopen") for the purpose of filing a motion seeking leave to sue Trustee and Counsel ("Motion for Leave to Sue"). Creditor sought the court's permission based on its understanding that, under the *Barton*[1] doctrine, court approval was required before it could initiate suit against Trustee and Counsel.

In its Motion for Leave to Sue, Creditor expressed its intent to sue Trustee and Counsel for violations of the Racketeer and Corrupt Organizations Act ("RICO"),

---

[1] *Barton v. Barbour*, 104 U.S. 126 (1881).

malicious prosecution, civil conspiracy, and violations of the Florida racketeering statute (including mail fraud, wire fraud, extortion, and conspiracy) and attached the proposed complaint. In support of its claims, Creditor alleged that Trustee and Counsel had engaged in an improper scheme, which, if proven, could amount to improper solicitation. The complaint asserted that Counsel had a paralegal sit in on creditors' meetings during the bankruptcy process to mine for debt collection causes of action to be pursued.

Trustee and Counsel opposed the Motion to Reopen. Trustee raised several defenses to Creditor's proposed claims:

1. the claims are preempted by the Bankruptcy Code;
2. the claims are barred by the litigation privilege;
3. Trustee and Counsel are immune from suit;
4. the claims are collaterally estopped; and
5. Creditor failed to establish a prima facie case of any of its claims.

The Bankruptcy Court denied Creditor's motion on the basis that Trustee's actions "were within her discretion and authority." Further, the court recognized the defenses raised by Trustee, and noted that "any one of [the defenses], if proven, could serve as a complete bar to all of the alleged claims asserted by [Creditor]." However, the court did not explain why each defense would act as a bar to Creditor's claims.

## STANDARD OF REVIEW

A bankruptcy "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, *or for other such cause*." 11 U.S.C.

§ 350(b) (emphasis added). One purpose of this section is to provide some additional relief to a debtor whose case has been fully administered and closed. *In re Garrett*, 266 B.R. 910, 912 (Bankr. S.D. Ga. 2001). A decision to reopen a case under § 350(b) is within the discretion of the bankruptcy judge and will not be set aside absent an abuse of discretion. *In re Haskett*, 297 B.R. 637, 639 (Bankr. N.D. Ala. 2003). The Bankruptcy Court's conclusions of law are reviewed *de novo* and findings of fact for clear error. *Lightner v. Lohn*, 274 B.R. 545, 548 (M.D. Fla. 2002) (citing *In re Patterson*, 967 F.2d 505, 508 (11th Cir. 1992)).

## **DISCUSSION**

At the outset, the Court notes that, contrary to what the Bankruptcy Court and both parties seem to believe, Creditor did not require the court's permission to file suit against Trustee and Counsel in district court. That being said, the Bankruptcy Court correctly determined that none of Creditor's causes of actions, as proposed, are cognizable against Trustee and Counsel. This principle stands irrespective of Creditor's choice of forum. Thus, it would have been futile to reopen the bankruptcy case for the particular purpose intended, and it remains futile for Creditor to seek a civil remedy against Trustee and Counsel (at least as to Creditor's proposed causes of action). Accordingly, the Bankruptcy Court did not abuse its discretion in denying the Motion to Reopen. The corollary to this conclusion is that the only potential relief to Creditor is through sanctions from the Bankruptcy Court, a relief not specifically sought in the Motion to Reopen.

### 1. The *Barton* Doctrine

Creditor filed the Motion to Reopen based on its understanding that it could not file a civil suit against Trustee or Counsel without the Bankruptcy Court's permission. Likewise, the Bankruptcy Court acknowledged that *Barton* vested it with "the discretion and the equitable power to decide whether to reopen the case." Under the *Barton* doctrine, a party "must obtain leave of the bankruptcy court before initiating an action in district court when the action is against the trustee." *Carter*, 220 F.3d at 1252. *Barton* involved a receiver in state court, but the Eleventh Circuit, along with multiple other circuits, have extended the doctrine to lawsuits against a bankruptcy trustee and the trustee's attorneys. *Id.* (holding that a party must obtain leave of the bankruptcy court before initiating a civil action against a bankruptcy trustee for acts done in the trustee's official capacity).

However, the *Barton* doctrine controls and requires a party to seek leave of the bankruptcy court only where the contemplated litigation is within the bankruptcy court's jurisdiction. *See id.* at 1253 (considering debtor's argument that he was not required to seek leave of the bankruptcy court before suing the trustee because his claims were not related to or within the scope of the bankruptcy proceeding). A proceeding is within the bankruptcy jurisdiction if it "arises under" the Bankruptcy Code or "arises in" or is "related to" a case under the Code. *Id.*

"The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Id.* (quoting *Miller v. Kemira*, Inc.,

910 F.2d 784, 788 (11th Cir. 1990)). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Lawrence v. Goldberg*, 573 F.3d 1265 (11th Cir. 2009) (citing *Miller*, 910 F.2d at 788). For example, the civil suit is related to the bankruptcy proceeding if any recovery would alter the amount of estate property available to satisfy creditors' claims. *See Carter*, 220 F.3d at 1253-54.

Here, Creditor's proposed claims, in a sense, originate in the bankruptcy proceedings because they would not exist but for the suit Trustee brought against Creditor in bankruptcy. However, they do not "relate to" the bankruptcy case because they do not implicate the assets of the bankruptcy estate. Creditor seeks to recover from Trustee and Counsel independently of the estate for their actions of allegedly engaging in an improper scheme. Further, Trustee voluntarily dismissed the action against Creditor (which, had it succeeded, would have required Creditor to pay a sum attributable to the estate) long before Creditor filed its motion. Thus, to the extent Trustee had once maintained that Creditor owed a claim payable to the bankruptcy estate, this was no longer at issue when Creditor filed its motion. For these reasons, the *Barton* doctrine did not apply and Creditor was not required to seek leave of the Bankruptcy Court to file suit against Trustee and Counsel.

The propriety of the Bankruptcy Court's reliance on *Barton* is of no significance for purposes of this appeal, however. First, had the Bankruptcy Court concluded that *Barton* was inapplicable, it still would have been compelled to deny Creditor's motion. *See In re*

*Jenkins*, 330 B.R. 625, 628 (Bankr. E.D. Ten. 2005) (noting that a bankruptcy case should not be reopened if doing so would be futile). Second, and more important, "this Court may affirm the judgment of the district court on any ground supported by the record." *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012). As the Court explains below, casting *Barton* aside, the Bankruptcy Court's determination of Creditor's motion accurately reflects the relevant law.

### 2. Trustee's Defenses

The Bankruptcy Court purported to exercise its discretion under *Barton* only after examining Creditor's proposed suit in light of Trustee's asserted defenses. Summarily concluding that any one of Trustee's defenses, if proven, would act as a bar to Creditor's claims, the Bankruptcy Court held there was no cause to reopen the case.

Having reviewed in detail each of the defenses Trustee raised in the Bankruptcy Court, the Court agrees that the Bankruptcy Court properly concluded that the asserted defenses were dispositive of Creditor's proposed claims. It is clear that each of Creditor's claims is barred by at least one of Trustee's defenses.

The federal RICO claims fail as a matter of law. *See United States v. Pendergraft*, 297 F.3d 1198, 1205 (11th Cir. 2002) (asserting that malicious prosecution does not qualify as a predicate act necessary to prove a civil RICO violation). The state racketeering claims (and, similarly, the civil conspiracy claim) are barred by Florida's litigation privilege. *See Lawrence v. Goldberg*, No. 06-21952-Civ., 2008 WL 10665425, at *13 (S.D. Fla. Feb. 1, 2008) (holding that Florida's litigation privilege protects against suit for violations of

Florida's racketeering statute), *aff'd* 573 F.3d 1265 (11th Cir. 2009). And the Bankruptcy Code preempts the malicious prosecution claim. *See In re Williams*, 392 B.R. 882, 886 (Bankr. M.D. Fla. 2008) (citing *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910 (9th Cir. 1996) (noting that the creditor's remedy could not be found outside the bankruptcy court)).

Because none of Creditor's specified causes of action could have been maintained against Trustee or Counsel, the Bankruptcy Court did not abuse its discretion in denying the Motion to Reopen. *See Young v. New Process Steel, LP*, 419 F.3d 1201, 1203 (11th Cir. 2005) (articulating that, under the *de novo* standard, a court abuses its discretion when it rules based on an error of law). Indeed, it would have been futile for the court to reopen the case for Creditor to pursue a civil remedy; but this does not preclude Creditor from pursuing a different avenue of relief in the Bankruptcy Court.

### 3. Relief Under the Bankruptcy Code

Quite notably, Trustee chose to defend against Creditor's motion by raising the preemption defense. It argued that Creditor was precluded from seeking relief outside the Bankruptcy Court and simultaneously petitioned the court to bar Creditor from having its voice heard inside of that forum. But the preemption doctrine applies to the *form* of Creditor's claims, not the *substance* of the allegations. Indeed, "there *is* a federal remedy even if it is not to be found outside the bankruptcy court." *MSR Exploration*, 74 F.3d 910 (addressing malicious prosecution actions for events taking place within the bankruptcy court proceedings and implying that the appropriate remedy was found in the bankruptcy

court under the Bankruptcy Code).

As Trustee implicitly concedes, the Bankruptcy Code offers a potential remedy: 11 U.S.C. § 105(a) allows the bankruptcy court discretion to issue any order, process or judgment necessary to prevent an abuse of process.[2] This includes the authority to impose sanctions based on bad faith, which "exists where an attorney knowingly or recklessly raises a frivolous argument." *In re Porto*, 645 F.3d 1294, 1303 (11th Cir. 2011) (internal quotation marks omitted). Though sanctions under the Code may not be the precise remedy Creditor requested, its search for relief need not come to a halt, notwithstanding the Bankruptcy Court's denial of its Motion to Reopen.[3]

To that end, this Court's review of Creditor's substantive allegations leads it to the conclusion that, in its motion, Creditor presented sufficient "cause" under 11 U.S.C. § 350(b) to reopen the bankruptcy case to pursue a remedy under the Bankruptcy Code.

---

[2] Both Trustee and the *MSR Exploration* court intimated that relief may be sought under Federal Rule of Bankruptcy Procedure 9011. *See MSR Exploration*, 74 F.3d at 912. In the abstract, this proposition is seemingly well founded. Rule 9011 authorizes the court to impose monetary sanctions against a party for filing a frivolous petition. However, it appears that Creditor already took advantage of Rule 9011 when it challenged the suit as frivolous. Rule 9011 contains a safe harbor provision that insulated Trustee and Counsel from a motion for sanctions as soon as Trustee voluntarily dismissed the case. *See* Fed. R. Br. P. 9011(c)(1)(a). Moreover, the rule mandates that monetary sanctions are not available against a represented party (Trustee) and may not be awarded on the court's own initiative after the petitioner has voluntarily dismissed the case. *See* Fed. R. Br. P. 9011(c)(1)(b). Given the facts of this case, then, Rule 9011 is of no utility to Creditor. Trustee cites to a number of other provisions that are similarly inapplicable. *See* 11 U.S.C. § 303(i)(2) (authorizing court to assess actual and punitive damages against a petitioner that filed a petition in bad faith, but only if *the court* dismisses the petition *without* the consent of all petitioners and the debtor); 11 U.S.C. § 707(b) (authorizing court to dismiss a bankruptcy case improperly filed by a debtor); 11 U.S.C. § 362(h) (willful violations of stays); 11 U.S.C. § 1112 (dismissal of bankruptcy petition). 11 U.S.C. § 105(a) appears to be the only viable option.

[3] The Court notes that Trustee also raised "collateral estoppel" as a defense because, rather than immediately seek a remedy under the Bankruptcy Code, Creditor did not move for relief until several months after the case had been closed. This argument is flawed in that it neglects to take into account the substance of Creditor's allegations: it was not until the months after the case was closed that Creditor was able to discover the facts that spurred it to action. Creditor maintains it is aggrieved not simply because Trustee filed a frivolous claim against it. Rather, it posits that Counsel, utilizing Trustee, engaged in an improper scheme that led to the filing of many frivolous claims that cause it, and others like it, damage in its licensing efforts.

Had this been Creditor's requested relief, the denial of its motion may very well have constituted an abuse of discretion: the implications of Creditor's allegations are quite troublesome and, had they been properly raised, the contentions certainly would have warranted consideration by the Bankruptcy Court. But that is not the issue on appeal, and therefore, this Court is obliged to affirm the decision below.  Of course, Appellant is free to file another motion to reopen to seek sanctions.

## **CONCLUSION**

It is therefore ORDERED and ADJUDGED that:

1. The Orders of the Bankruptcy Court are hereby AFFIRMED.

2. The Clerk is directed to close this file.

DONE AND ORDERED at Tampa, Florida on this

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Bankruptcy Judge K. Rodney May, case #8:12-bk-19213-KRM
Counsel/Parties of Record

S:\Even\2014\14-cv-3212 bk appeal-revised .docx